14 N.J. Super. 24 (1951)
81 A.2d 186
ANTONIO R. BATTAGLIA, PLAINTIFF-APPELLANT,
v.
BOARD OF REVIEW OF THE DIVISION OF EMPLOYMENT SECURITY OF THE DEPARTMENT OF LABOR AND INDUSTRY OF THE STATE OF NEW JERSEY, AND ALLIED TEXTILE PRINTERS, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1950.
Decided May 25, 1951.
*25 Before Judges FREUND, DONGES and PROCTOR.
Mr. Charles S. Joelson argued the cause for plaintiff-appellant.
Mr. Paul Rittenberg argued the cause for defendant-respondent, Allied Textile Printers, Inc. (Messrs. Shavick, Rittenberg & Shavick, attorneys).
Mr. Clarence F. McGovern, attorney for and of counsel with Board of Review, Division of Employment Security, Department of Labor and Industry.
The opinion of the court was delivered by DONGES, J.S.C.
This is an appeal from the determination of the Board of Review of the Department of Labor and Industry, Division of Employment Security.
There is apparently no dispute concerning the facts. Plaintiff was employed by the defendant, Allied Textile Printers, Inc. He was laid off on May 31, 1949, for an indefinite period and did not return to work until August 15, 1949. On June 30, 1949, he received from his employer a *26 sum equivalent to 80 hours of pay, under the terms of a collective bargaining agreement between the employer and the union. The agreement provided for vacations, and provided, further, that workers who were laid off were entitled to the earned portion of the vacation pay. The check plaintiff received from his employer was the earned vacation pay.
Plaintiff made application for the payment of unemployment benefits and was paid for the entire period except for the last week, payment therefor being withheld by the deputy as an offset against the week ending July 10, 1949. This was one of the weeks for which he received his vacation pay. Subsequently in 1950, plaintiff again was laid off and applied for unemployment benefits. From the benefits to which plaintiff was entitled, the deputy withheld an additional $22 as an offset against benefits paid for the week ending July 17, 1949, the second week for which plaintiff had received vacation pay.
Plaintiff appealed to the appeal tribunal and the deputy's decision was reversed. Subsequently, the employer appealed to the board of review which reversed the appeal tribunal. An application was made to the board of review for a reconsideration of its decision. After a hearing, the board affirmed its previous decision.
The meritorious question for our determination is whether one who, although laid off, received vacation pay was entitled to unemployment benefits for the weeks for which he received the vacation pay.
Benefits are payable under the Unemployment Compensation Act only to persons who are unemployed within the definition of that term in the act. R.S. 43:21-19(m) defines unemployment as follows:
"(1) An individual shall be deemed `unemployed' for any week during which he is not engaged in full-time work and with respect to which his remuneration is less than his weekly benefit rate."
The definition contains a conjunctive requirement and the plaintiff must bring himself within both clauses of the *27 definition. It is not every case of unemployment which entitles an unemployed person to benefits. The purpose of the act is to provide some income for the worker earning nothing, because he is out of work through no fault or act of his own, until he can find employment or for the period stated in the statute, if he continues to be unemployed. It can not be said that because one is unemployed during stated periods, he is entitled to benefits when he is receiving compensation by way of vacation pay for those periods.
This problem has been given consideration by some of our sister states, and the courts of those states agree with the conclusions expressed herein. See Wellman v. Riley, 95 N.H. 507, 67 A.2d 428 (Sup. Ct., N.H. 1949); Moen v. Director of Division of Unemployment Security, 324 Mass. 246, 85 N.E.2d 779 (Sup. Jud. Ct. Mass. 1949); Mattey v. Unemployment Board of Review, 164 Pa. Super. 36, 63 A.2d 429 (Super. Ct. Pa. 1949); Kelley v. Administrator of Unemployment Comp. Act, 136 Conn. 482, 72 A.2d 54 (Sup. Ct. of Errors, Conn. 1950).
The determination under review is affirmed.