CHARLES P. CALDWELL, PLAINTIFF-APPELLANT, v. DIVISION OF UNEMPLOYMENT AND DISABILITY INSURANCE OF THE DEPARTMENT OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 25, 1976—Decided November 15, 1976.

Before Judges BISCHOFF, MORGAN and COLLESTER.

*Messrs. Pickett & Jennings,* attorneys for appellant (*Mr. Robert T. Pickett,* of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Michael S. Bokar,* Deputy Attorney General, of counsel; *Mr. Jeffrey P. Blumstein,* Deputy Attorney General, on the brief).

PER CURIAM. This is an appeal from a decision of the Board of Review, affirming a decision of the Appeal Tribunal, holding appellant liable to refund unemployment compensation benefits received in the amount of $3,159. The record discloses that although appellant was unemployed for the period in which he received benefits at the rate of $81 a week, he had pending during that same period a grievance procedure against his employer in which he sought reinstatement and back pay. The dispute with his employer was ultimately settled, appellant was reinstated to his former job with full seniority rights and received back pay in the amount of $6500. Had he received his full salary during the period in which he was receiving unemployment compensation benefits, he would have received in excess of $11,000.

Following the resolution of the grievance procedure and on August 22, 1974, the Division of Unemployment and Temporary Disability Benefits mailed a "Determination and Demand for Refund" to claimant for all benefits paid during the period he was not working for his employer. The Appeal Tribunal, following a hearing, determined that appellant had received back pay for the period in which he

was receiving unemployment benefits and was thus required to refund all benefits received. The Board of Review affirmed.

*N. J. S. A.* 43:21–5 provides, in pertinent part:

An individual shall be disqualified for benefits

\* \* \* \* \* \* \* \*

(b) For the week in which he has been suspended or discharged for misconduct connected with his work, and for the 5 weeks which immediately follow such week (in addition to the waiting period), as determined in each case. In the event such discharge should be rescinded by the employer voluntarily or as a result of mediation or arbitration this subsection (b) shall not apply, provided, however, an individual who is restored to employment with *back pay* shall return any benefits received under this chapter for any week of unployment for which he is subsequently compensated by his employer. [Emphasis supplied]

Appellant's settlement with his employer is part of the record before us and discloses, as the first condition thereof, that appellant "is to receive back pay in the amount of $6500.00 which represents full payment of any and all claims to back pay as a result of time off from discharge date 4/27/73 until his return to work." Despite the fact that appellant accepted the $6500 labelled as "back pay," he now contends that because he did not, in fact, receive an amount equivalent to the wages lost from his employment, he does not fall within the meaning of *N. J. S. A.* 43:21–5, continued to be qualified for unemployment benefits, and is not required to refund the benefits received for the period covered by his back pay.

The contention is without merit. His weekly benefit rate was $81. The award of back pay covered the period of layoff between April 27, 1973 and April 25, 1974, averaging $125 a week. *N. J. S. A.* 43:21–19(m)(1) provides that an individual shall be deemed "unemployed" for any week during which he is not engaged in full-time work and with respect to which his remuneration is less than his weekly benefit rate. Although not engaged in full time work during the period of layoff, he did receive as back pay, by settlement, an amount which averaged substantially more than his

benefit weekly rate.[1] Hence, appellant was not "unemployed" within the meaning of *N. J. S. A.* 43:21–19(m) and that provision, read together with *N. J. S. A.* 43:21–5, requires that appellant refund all benefits received during the period covered by his back pay award.

Affirmed.

———

[1]Even calculated under the formula set forth in *N. J. S. A.* 43:21–19(m)(2), appellant cannot be deemed unemployed.