640 A.2d 1209

DAVID A. SINGER, PLAINTIFF–APPELLANT, v.
BOARD OF REVIEW AND THE HOOVER
COMPANY, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 26, 1994—Decided May 12, 1994.

Before Judges PRESSLER, DREIER and BROCHIN.

*David A. Singer*, appellant, filed a *pro se* letter brief.

*Deborah T. Poritz*, Attorney General, attorney for respondent Board of Review (*Joseph L. Yannotti*, Assistant Attorney General, of counsel; *John C. Turi*, Deputy Attorney General, on the letter brief).

Respondent The Hoover Company did not file a brief.

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

Claimant David A. Singer appeals from a determination of the Appeal Tribunal, affirmed by the Board of Review, holding him disqualified for unemployment compensation benefits because of his student status. We are satisfied that the Board of Review misconstrued *N.J.S.A.* 43:21–5(i), which governs student disqualification. Accordingly we reverse and remand.

According to the record, claimant was first employed by The Hoover Company as a merchandiser/demonstrator in January 1990. He worked for that company in that employment full-time

and continuously until January 17, 1992, when he was let go. At the time of his layoff he was earning $1,295 per month. Both prior to his Hoover job and while he was working for Hoover, claimant was attending Camden County College as a night student with the plan of transferring to Rutgers University after completing two years of county college credits in order to earn a bachelor's degree in business management. Until the beginning of the fall semester in September 1991, claimant had taken no more than three courses each semester for a maximum total of nine credits. In the fall semester of 1991 as well as in the spring semester of 1992, which began in January, he increased his load to four courses for twelve credits, attending school for four hours on each of two evenings a week. A full-time undergraduate student is defined by *N.J.A.C.* 9:1-1.2 as one who carries a minimum of twelve semester hours. We therefore accept that despite his full-time daytime employment, claimant was technically also a full-time student as of September 1991.

Forthwith upon being laid-off by Hoover, claimant sought other employment.[1] He also filed for unemployment compensation. His claim was rejected because of the administrative perception of the constraints of *N.J.S.A.* 43:21-5(i), which disqualifies a person from benefits during his benefit year "for any week in which the individual is a student in full attendance at ... an educational institution...." The statute, however, carves out two exceptions from this disqualification. One is for persons enrolled in job-training programs. The other, which is pertinent here, provides that the disqualification shall not apply "to any individual who, during the individual's base year, earned sufficient wages, as defined under subsection (e) of R.S. 43:21-4, while attending an educational institution during periods other than established and customary vacation periods or holiday recesses at the educational institution...."

---

[1] According to the record he did in fact find other employment on a commission basis several months later.

We are satisfied that this exception, literally construed, encompasses this claimant. First, *N.J.S.A.* 43:21–19(d) defines "benefit year" as the 364 consecutive days following the date on which the claimant files for benefits. Since claimant was a full-time student during his benefit year, he must satisfy the conditions of the quoted exception in order to qualify for benefits. "Base year" is defined by *N.J.S.A.* 43:21–19(c)(1) as "the first four of the last five completed calendar quarters immediately preceding an individual's benefit year." Claimant lost his job and applied for benefits in January 1992. Consequently his last completed calendar quarter terminated on December 31, 1991, and his base year is defined by the four preceding calendar quarters, namely October 1, 1990, to September 30, 1991. During that base year and while a student, he met each of the alternative qualifying employment and income requirements of *N.J.S.A.* 43:21–4(e) as implemented by *N.J.A.C.* 12:15–1.7. Thus, he was both employed for twenty weeks while school was actually in session, not counting holiday and vacation periods, and he earned a minimum of $6,600.[2]

As we understand the reason for the denial of benefits notwithstanding claimant's apparent satisfaction of the conditions of the exception, it was based on the Board of Review's construction of the statutory language as requiring that a person who is a full-time student during his benefit year must also have been a full-time student, not a part-time student, during his base year. Thus claimant was disqualified because during the base year period of October 1, 1990, to September 30, 1991, he was a full-time, rather than a part-time student, for only the last two or three weeks. Thus, according to the Board's construction, if claimant had taken twelve credits rather than nine while attending night school during his base year, he would have been qualified. He also would have been qualified had he taken eleven credits

---

[2] *N.J.S.A.* 43·21–4(c) prescribes as the minimum base-year required earnings "12 times the Statewide average weekly remuneration paid to workers ... raised to the next higher multiple of $100...." The minimum earnings meeting the formula are set forth in the implementing regulation, *N.J.A.C.* 12:15–1.7.

instead of twelve credits during his benefit year, thus maintaining his part-time student status. His disqualification therefore was based solely on the fact that while working at the same job for the same number of hours and at the same salary, he decided to take one additional night-school course, transforming his student status from part-time to full-time.

■ We are satisfied that the Board's construction is not justified by the express terms of the statute, considerations of public policy or principles of fundamental fairness. To begin with, the statute itself does not require that a claimant's base-year school attendance be "full-time." It is the Board of Review which inserted that condition. Moreover, we see nothing in the scheme of the statute which implies such a condition. We read the exception, with its emphasis on not counting employment during periods of school holidays and vacations, as simply recognizing the presumption that an enrolled student whose base year earnings are attributable to employment during periods of time when he is not actually in school attendance is not committed to nor primarily a member of the work force. Since involuntary loss of work-force membership is the fundamental predicate of unemployment compensation, *see, e.g., Brambila v. Board of Review,* 124 *N.J.* 425, 440, 591 *A.*2d 605 (1991) and *Self v. Board of Review,* 91 *N.J.* 453, 457, 453 *A.*2d 170 (1982), the legislative disqualification of students who earn when they are not actually in school is entirely consistent with the overall legislative scheme. But patently, that ground for disqualification does not apply to a claimant who is simultaneously working and actually attending school and whose work effort, measured by the number of weeks of employment and income level during such simultaneous activity, demonstrates that he is indeed primarily a worker, not a student, and that he is committed to remaining in the work force. Hence we are persuaded that if a student claimant meets the base-year eligibility requirements calculated without reference to school holidays and

vacations, he comes within both the text and purpose of the exception.

Our reading of the statute is reinforced by legislative history. Thus the January 25, 1984, report to Governor Kean by the Governor's Commission on Unemployment Insurance, which led to the extensive amendments effected by *L.* 1984, *c.* 24, explained the amendment of *N.J.S.A.* 43:21–5(i), then proposed and subsequently adopted, as follows:

> The Commission proposes that a provision be included in the law to disqualify full time students unless they earned sufficient wages while attending school to qualify for benefits. *Students who work while attending school would not be affected but those who primarily work during vacation periods would be disqualified.* [Emphasis added].

This explanation is echoed by the Statement of the Senate Labor, Industry and Professions Committee accompanying the 1984 amendments and stating that the "bill also disqualifies full-time students from benefits, unless they earn sufficient wages while attending school to qualify for benefits...."

We consequently hold that the exception of *N.J.S.A.* 43:21–5(i) is applicable to a claimant who is a full-time student during the benefit year and who meets the base-year qualifications whether as a full-time or a part-time student. We recognize that statutory interpretation by the administrative agency charged with implementing the legislative plan is entitled to substantial weight. But it is also well-settled that courts are not obliged to defer to agency interpretation that is contrary to legislative intent or expression. *See, e.g., Carpet Remnant Warehouse, Inc. v. Department of Labor,* 125 *N.J.* 567, 587, 593 *A.*2d 1177 (1991). We are satisfied that the agency interpretation here was contrary to both.

In *Merkel v. HIP of New Jersey,* 240 *N.J.Super.* 436, 573 *A.*2d 517 (App.Div.1990), we reversed a Board of Review determination that a claimant who involuntarily lost her full-time employment was disqualified from receiving unemployment benefits because she had earlier voluntarily left a secondary part-time job. We said that "an employee who demonstrates extraordinary diligence by working two jobs, one part-time and one full-time, but subsequently quits the secondary job because it is too difficult to continue both, should not be penalized for her laudable effort to

hold two jobs." *Id.* at 440, 573 *A.*2d 517. The Board of Review's decision here is equally counterproductive and untenable. Here, it would disqualify from benefits a full-time day employee/part-time night student simply because he chose to take one extra course during his evening program. That result is bizarre. We cannot countenance it.

· We reverse the determination of the Board of Review and remand for calculation and award of benefits to which claimant is entitled.