752 A.2d 790 (2000)
332 N.J. Super. 1
Elizabeth ROLKA, Petitioner-Appellant,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR, Respondent-Respondent, and
Micro Health Systems, Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted December 1, 1999.
Decided June 13, 2000.
*791 Elizabeth Rolka, petitioner-appellant pro se.
John J. Farmer, Jr., Attorney General, for respondent-respondent (Mary C. Jacobson, Assistant Attorney General, of counsel; Alan C. Stephens, Deputy Attorney General, on the brief).
Before Judges KESTIN and WEFING.
The opinion of the court was delivered by KESTIN, J.A.D.
Claimant, Elizabeth Rolka, appeals from a Board of Review decision holding her to be disqualified for unemployment compensation benefits. In reaching its decision, the Board adopted a determination of the Appeal Tribunal which found that claimant had left her employment voluntarily for personal reasons not attributable to the work, and was therefore ineligible for the benefits she sought.
The legal basis of that determination was stated to be the principle that "[a] claimant who leaves work for a personal reason, no matter how compelling, is subject to disqualification." The Supreme Court's opinion in Self v. Board of Review, 91 N.J. 453, 453 A.2d 170 (1982) was cited as the authority for that rule.
Claimant's testimony was the only evidence before the Appeal Tribunal. She testified that she had been employed by Micro Health Systems (Micro) in West *792 Orange as a "collector" since October 28, 1996. She lived in Passaic, and the commute to her job was "15 minutes/20 minutes top." Sometime in early 1998, Micro moved its business operations to Somerset. Claimant testified that the move increased her commuting time to a usual "hour and 15 minutes, hour 20 minutes....sometimes two hours." She also testified that the commute became particularly difficult because of road construction after she returned to work from maternity leave some four months following the birth of her third child on April 12, 1998. On August 11, 1998, she telephoned her employer and "told him I have to quit my job because I can't take the pressure and I had a lot of problem [sic] with my family life, my husband" in addition to the stresses of traveling the longer distance to work. Claimant continued in her testimony to recount how her mother, after agreeing to provide day care for the new baby, had become ill and could not so do, requiring claimant to hire someone for the twelve hours claimant was away from home. Because of the additional cost of day care for the increased time claimant was away by reason of the longer commute, and "the tolls, plus the gas money and everything else[,]" claimant "couldn't cope with the pressure." Claimant offers on appeal facts not in the record before us and not material in our review bearing upon the job she found instead after several months of searching for new employment. See In re Kovalsky, 195 N.J.Super. 91, 99, 477 A.2d 1295 (App.Div. 1984) (noting that a matter "raised for the first time on appeal [which] is not supported by the record is not properly before" the reviewing court).
The Appeal Tribunal found, in part, that claimant "left work voluntarily because of the stress of commuting to work combined with the pressure from her family life[.]" We take this to be a determination that the reason for plaintiff's quit was personal to some extent and that her personal difficulties were exacerbated, if not caused, by the much longer commute required by the employer's relocation.
"The purpose of the [Unemployment Compensation Act, N.J.S.A. 43:21-1 to -65,] is to provide some income for the worker earning nothing, because he is out of work through no fault or act of his own...." Yardville Supply Co. v. Board of Review, 114 N.J. 371, 375, 554 A.2d 1337 (1989) (quoting Schock v. Board of Review, 89 N.J.Super. 118, 125, 214 A.2d 40 (App. Div.1965), aff'd, 48 N.J. 121, 223 A.2d 633 (1966) (quoting Battaglia v. Board of Review, 14 N.J.Super. 24, 27, 81 A.2d 186 (App.Div.1951))); see also Brady v. Board of Review, 152 N.J. 197, 212, 704 A.2d 547 (1997). "[T]he Act is to be liberally construed in favor of claimant to effectuate its remedial purposes...." Ibid.
In Bateman v. Board of Review, 163 N.J.Super. 518, 395 A.2d 250 (App.Div. 1978), we upheld the Board's disqualification decision on the facts developed therein, but observed:
[A] case could possibly be envisaged in which a sudden change in employment circumstances greatly increasing the commuting distance from home to job would properly be regarded as a condition attributable to the work rather than to the employee.

[Id. at 521, 395 A.2d 250.]
In Self, on which the Board relied for its decision in this case, the Supreme Court discussed our dictum in Bateman, distinguishing the principle announced from the case at hand on the facts, but inferentially recognizing its validity as a rule of approach. See Self, supra, 91 N.J. at 459-60, 453 A.2d 170. Consequently, a case raising a genuine issue generally of the type involved here must be evaluated by weighing the extent to which the employee's reasons for leaving the job stemmed from a reasonable response to the employer's conduct against the extent to which those reasons bespoke purely personal choices made by the employee, i.e., not reasonably related to the conditions of employment alone. See Gerber v. Board of Review, 313 *793 N.J.Super. 37, 43-44, 712 A.2d 688 (App. Div.1998). "The test to be applied in determining `good cause' under the Act is one of `ordinary common sense and prudence.' " Id. at 46, 712 A.2d 688 (quoting Brady, supra, 152 N.J. at 214, 704 A.2d 547).
We hold that the Board erred in applying Self as embodying a mandatory rule of disqualification. We regard the Board's brief on appeal, as well, to overstate the barring effects of Self in characterizing it as holding that all "employees who leave work because of transportation or commuting difficulties leave without good cause attributable to the work and are disqualified for unemployment benefits." Self and Bateman, especially with the gloss of Brady and Gerber, and in the light of Yardville, Schock, and Battaglia, stand instead for the proposition that a discrete balancing and evaluation of all factors is required in cases of this type where, as a prima facie matter, the claimant has made a showing of substantially increased commuting distance by reason of the employer's relocation, with significant personal inconvenience attributable to the move.
The facts in this matter present a close question, but it is the Board's function to apply its expertise in making well-considered evaluative judgments in close cases by applying correct views of the legal tests that govern. Here, at bottom, the Board must decide whether claimant's job quit was reasonably the product of her employer's choice to relocate and, therefore, attributable to the employer; or whether it was wholly or essentially a reaction to the stresses of claimant's personal life and, therefore, attributable to her.
Accordingly, we reverse the Board's disqualification decision and remand for a determination whether, in the circumstances, claimant's conduct in quitting her job was an objectively reasonable response to the employer's choice to relocate, satisfying the "through no fault or act of his own" standard of Brady, Yardville, Schock and Battaglia; or whether claimant's action was, instead, primarily motivated by personal factors which, however related to the move, were essentially independent of it.
Reversed and remanded.