885 A.2d 449 (2005)
381 N.J. Super. 162
Paul ZUBRYCKY, Plaintiff-Appellant,
v.
ASA APPLE, INC., Eugene Ferado,[1] Michael Dynda and Frank Cardaci, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 2005.
Decided November 4, 2005.
*450 Michael W. Hoffman, Forked River, argued the cause for appellant (Maselli Warren, attorneys, Princeton; Mr. Hoffman, of counsel; Richard C. Sciria, on the brief).
Maureen S. Binetti, Woodbridgr, argued the cause for respondents (Wilentz, Goldman & Spitzer, attorneys; Ms. Binetti, of counsel and on the brief; Jennifer L. Barnes, on the brief).
Before Judges COLLESTER, LISA and S.L. REISNER.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Plaintiff, Paul Zubrycky, appeals from a trial court order granting defendant's motion to dismiss his complaint filed under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8. We affirm.

I
Plaintiff worked for defendant, ASA Apple, Inc., a trucking company. His complaint alleged that he initially worked as a driver, a position in which he was entitled to overtime after fifty hours of work, but he transferred into a "yard switcher" position, in which he was entitled to be paid overtime after forty hours per week of work. He alleged that after he became a yard switcher, his employer continued to only pay him overtime for hours in excess of fifty hours per week. Hence, he was being denied overtime for ten hours per week. Plaintiff repeatedly complained about this situation, but his employer refused to pay the overtime. His complaint alleged that at one point his supervisor told him "[i]f you do not like the way things are run around here, then leave." Plaintiff also alleged that his employer promised that if he resigned, they would not contest his unemployment claim. His complaint alleged that he did resign, because of the denial of overtime, but defendant opposed his unemployment claim. Plaintiff's complaint alleged that this set of facts constituted constructive discharge and unlawful retaliation in violation of CEPA. N.J.S.A. 34:19-3(a).
After his resignation, Zubrycky filed a wage and hour claim and the Department of Labor ordered defendant to pay him for the overtime. But at the time plaintiff filed his CEPA complaint in 2004, the Board of Review had denied his unemployment claim. The Board found that plaintiff's expressed reason for resigning (as communicated to his supervisor) was that he was tired of doing everyone else's work, and concluded that if his true reason for resigning was dissatisfaction with the denial of overtime, he should have stayed on the job and filed a wage and hour complaint with the Department of Labor. On February 8, 2005, another panel of this court reversed the determination of the Board of Review and held that plaintiff was entitled to unemployment benefits. Zubrycky v. Board of Review, A-3190-03T2 (App.Div.2005). Based on the unemployment benefit law, N.J.S.A. 43:21-5(a), which permits an employee to qualify for unemployment benefits if he resigns for good cause attributable to the work, the panel held that the employer's failure to pay Zubrycky overtime constituted good cause for his resignation.
*451 In an oral opinion placed on the record on August 6, 2004, the Law Division dismissed plaintiff's CEPA claim. Judge O'Brien concluded that the failure to pay plaintiff overtime did not rise to the level of a constructive discharge, and defendant's opposition to plaintiff's unemployment claim was not actionable under CEPA because it occurred at a time when he was no longer an employee of defendant.

II
CEPA prohibits an employer from retaliating against an employee who reports "to a supervisor ... an activity, policy or practice of the employer ... that the employee reasonably believes is in violation of a law ... or regulation." N.J.S.A. 34:19-3(a). Retaliation includes "discharge ... or other adverse employment action." N.J.S.A. 34:19-2(e). The parties agree that plaintiff's complaint to his supervisor concerning the unlawful denial of overtime constituted protected activity under CEPA. They disagree on whether the employer's conduct violated CEPA.
On this appeal plaintiff contends, as he did in the Law Division, that he was constructively discharged in violation of CEPA. The difficulty with plaintiff's claim is that constructive discharge requires more than proof of an underlying unlawful wage situation. For example, an employee cannot quit a job in which she is being paid less because of her gender and claim constructive discharge solely by virtue of the discriminatory wage differential. Bourque v. Powell Elec. Mfg. Co., 617 F.2d 61, 65 (5th Cir.1980). For purposes of the laws against discriminatory or retaliatory discharge, an employee is expected to take all reasonable steps necessary to remain employed. Shepherd v. Hunterdon Developmental Center, 174 N.J. 1, 28, 803 A.2d 611 (2002). In Shepherd, a case filed under the Law Against Discrimination, N.J.S.A. 10:5-1 to -49, the Court held that a constructive discharge claim requires even more proof of egregious circumstances than that required to establish a hostile work environment:
In contrast [to a hostile work environment claim], constructive discharge requires not merely "severe or pervasive" conduct, but conduct that is so intolerable that a reasonable person would be forced to resign rather than continue to endure it. Jones v. Aluminum Shapes, Inc., 339 N.J.Super. 412, 428, 772 A.2d 34 (App.Div.2001). More precisely, the standard envisions a "sense of outrageous, coercive and unconscionable requirements." Ibid. Simply put, a constructive discharge claim requires more egregious conduct than that sufficient for a hostile work environment claim. [Ibid.]
The same analytical framework applies to a CEPA claim, because CEPA is an anti-discrimination statute. See Kolb v. Burns, 320 N.J.Super. 467, 477, 727 A.2d 525 (App.Div.1999) ("[B]ecause CEPA is anti-discrimination legislation, the elements of a cause of action under the Act are derived from the Civil Rights landscape."); see also Green v. Jersey City Bd. of Educ., 177 N.J. 434, 448, 828 A.2d 883 (2003). For that reason, plaintiff's claim, that he resigned because he was being underpaid in violation of the Wage and Hour laws, does not state a claim for constructive discharge under CEPA.
Plaintiff's complaint does assert that when he complained about the underpayment, his supervisor told him "[i]f you do not like the way things are run around here, then leave." While this statement, or something more pointed (such as a statement that "if you complain to the Wage and Hour Division you'll be fired") might be taken as a threatened reprisal, *452 the facts of this case do not warrant our exploring whether such a "Hobson's choice" could in some circumstances be deemed a constructive discharge. See Clowes v. Allegheny Valley Hospital, 991 F.2d 1159, 1161 (3d Cir.1993), cert. denied, 510 U.S. 964, 114 S.Ct. 441, 126 L.E.2d 374 (1993); Spulak v. K-Mart Corp., 894 F.2d 1150, 1154 (10th Cir.1990).
We do not agree with Mosley v. Femina Fashions, Inc., 356 N.J.Super. 118, 811 A.2d 910 (App.Div.2002), certif. denied, 176 N.J. 279, 822 A.2d 609 (2003), insofar as that case barred a CEPA claim by a deaf and mute employee who was being forced to work unpaid hours under sweatshop conditions, was told to "get out" when she complained to her supervisor, and did not file a complaint with the Department of Labor for fear that she would be fired and would be unable to find another job. This case, however, presents nothing like the egregious facts involved in Mosley. Nothing in plaintiff's complaint states or suggests that he understood his employer's statement as anything more than a flat refusal to pay him the overtime he was claiming. Plaintiff's complaint did not characterize the statement as a threat to fire him if he complained to an outside agency about the underpayment.
According to plaintiff's testimony at the unemployment hearing, he did not even learn that he had a right to file a wage and hour complaint until after he had resigned and filed his unemployment claim. And while he responded, in answer to a question from the Unemployment Appeals examiner, that he thought he was being fired, his counsel conceded at the oral argument of the motion in this case that plaintiff resigned. It is not clear from the briefs whether either party presented the transcript of the unemployment hearing to the motion judge in connection with defendant's motion to dismiss. Defendant included the transcript in its appendix, and both parties have referred to the transcript in their arguments before us. We consider the transcript as a proffer of what plaintiff's trial testimony would have been in support of his CEPA claim if his CEPA complaint had not been dismissed. His testimony, taken together with his counsel's concession that he resigned and was not fired, supports the conclusion that his factual allegations would not support a CEPA claim.[2]
Finally, we note that there is no contradiction between our decision here and the decision of another panel of this court concerning plaintiff's unemployment benefit claim. The unemployment benefit law does not require that a plaintiff be either fired or constructively discharged in order to qualify for benefits. See Fusco v. Bd. of Educ. of Newark, 349 N.J.Super. 455, 463, 793 A.2d 856 (App.Div.), certif. denied, 174 N.J. 544, 810 A.2d 64 (2002). A plaintiff who resigns from employment can qualify for benefits so long as the resignation was for "good cause attributable to" the work. N.J.S.A. 43:21-5(a). Under unemployment benefit law, the underpayment of wages in violation of the Wage and Hour Law can constitute such good cause. See Casciano v. Bd. of Review, 300 N.J.Super. 570, 572, 693 A.2d 531 (App.Div.1997); Sanchez v. Bd. of Review, *453 206 N.J.Super. 617, 503 A.2d 381 (App.Div.1986). Because plaintiff was being underpaid in violation of State law, and he resigned for that reason, his resignation was for a good cause attributable to the work and he was entitled to unemployment benefits. That is a different issue from whether, under CEPA, he was constructively discharged and entitled to recover lost wages and counsel fees from his employer.
Affirmed.
NOTES
[1] The names of Eugene Ferado and Michael Dynda were misspelled when the complaint was filed. We have used the correct spelling as reflected in the trial court's final order.
[2] We find no merit in plaintiff's claim that defendant violated CEPA by opposing his unemployment claim, because defendant's action occurred after plaintiff resigned, and CEPA does not apply to post-employment conduct. See Young v. Schering Corp., 141 N.J. 16, 30, 660 A.2d 1153 (1995); Beck v. Tribert, 312 N.J.Super. 335, 343-44, 711 A.2d 951 (App.Div.), certif. denied, 156 N.J. 424, 719 A.2d 1022 (1998). We need not address whether such an action might violate the anti-reprisal provisions of the Wage and Hour statute, N.J.S.A. 34:11-56a24, because plaintiff has not asserted such a claim.