**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3793-16T2

MERCEDES H. SALDANA-BAILEY,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT, and
ANANE TRANSPORT, INC.,

     Respondents.

_____

> Argued October 29, 2018 – Decided November 8, 2018
>
> Before Judges Sabatino, Haas and Sumners.
>
> On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 073,499.
>
> Sarah S. Hymowitz argued the cause for appellant (Legal Services of New Jersey, Inc., attorneys; Sarah S. Hymowitz, on the briefs).
>
> Aimee Blenner, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton

Schaffer, Assistant Attorney General, of counsel; Marolhin D. Mendez, Deputy Attorney General, on the brief).

Respondent Anane Transport, Inc. has not filed a brief.

PER CURIAM

Mercedes Saldana-Bailey appeals a final decision of the Board of Review ("Board") of the Department of Labor and Workforce Development ("Department") disqualifying her from unemployment benefits for the week ending August 30, 2015 and thereafter. Because we conclude the Board and the Appeal Tribunal misapplied legal principles in declaring appellant ineligible for benefits during the pertinent time period, we reverse. In particular, the record does not fairly support the agency's legal conclusion under N.J.S.A. 43:21-5(a) that appellant voluntarily quit her job with her employer as a school bus driver without having good cause attributable to the work.

The administrative record reveals the following relevant facts. During the second half of the 2014-15 school year, appellant was employed as a bus driver with Anane Transport, Inc. ("ATI").[1] ATI assigned appellant to ride a bus as an

---

[1] ATI is not participating in this appeal, but did provide testimony through its representatives at the second telephonic hearing before the Appeal Tribunal.

2

aide for three days in April 2015. On another day in May 2015, ATI directed appellant to report to work for a motor vehicle inspection of her bus.

Appellant was not paid for at least three of these days of work. She complained multiple times to the office manager at ATI about not getting paid, but the employer did not pay her or provide her with a response explaining why she was not being compensated for those days. On one occasion, appellant spoke about the pay issue to the owner of ATI, who referred her to the office manager. Consequently, after a summer layoff of the drivers, appellant declined to return to work for ATI when the new school year resumed. In particular, she did not provide to ATI an updated driver's abstract in August 2015, a copy of which would be needed to resume her position.

Appellant applied for unemployment benefits and received several weeks of payments. However, her eligibility was contested and the Appeal Tribunal held a hearing on December 1, 2015, at which a Legal Services attorney represented her. The Appeal Tribunal concluded that appellant had left her job without good cause attributable to the work, rendering her ineligible for unemployment benefits under N.J.S.A. 43:21-5(a). The Appeal Tribunal did find that appellant could retain certain benefits she received, but appellant had to refund $179 for the week ending September 5, 2015, which corresponds to

3

when ATI's drivers were scheduled to report back to work for the new school year. The Board of Review initially upheld that finding in a decision dated March 10, 2016.

Meanwhile, appellant, aided by counsel, filed a claim with the Division of Wage and Hour Compliance of the Department, seeking the unpaid wages. The parties appeared for a hearing before a Wage Collection referee on May 10, 2016.[2] After the parties provided testimony to the referee, ATI agreed to pay appellant the full $150, which was the calculated amount of her unpaid wages. The referee imposed on the employer a ten percent administrative fee of $15, plus costs of $25.

Appellant appealed the denial of unemployment benefits to this court, asserting that the favorable outcome of the Wage Collection case confirms she had good cause to quit her job. Given the additional facts relating to the Wage Collection case, the Board moved for a remand of the appeal, which this court granted.

---

[2] The Attorney General's Office has advised us that the audiotape of the wage hearing no longer exists and was not transcribed. However, we do have in the record a copy of the referee's handwritten notes, which appellant's counsel obtained through an Open Public Records Act request.

A second telephonic hearing took place on February 14, 2017. The Tribunal again found appellant lacked good cause to quit her job. It found that appellant had not made a reasonable attempt to resolve her wage issue with ATI. It also found the outcome of the Wage Collection case was not a determination of wrongdoing by the employer, but rather a business decision to avoid the further burdens of contesting the wage claim. The Board adopted this reasoning, and continued to find appellant ineligible as of August 30, 2015.

In considering the arguments presented by appellant, we recognize our courts generally accord considerable deference to the Board in its determinations as a state agency administering the unemployment compensation program. See, e.g., Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Doering v. Bd. of Review, 203 N.J. Super. 241, 245 (App. Div. 1985). As the Supreme Court noted this year in Ardan v. Bd. of Review, 231 N.J. 589, 605 (2018), we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." (quoting In re Election Law Enf't Comm'n Advisory Op. No. 001-2008, 201 N.J. 254, 262 (2010)). However, we "defer to an agency's interpretation of both a statute and implementing regulation . . . unless the interpretation is plainly unreasonable." Ibid. (quoting In re Eastwick Coll. LPN-to-RN Bridge Program, 224 N.J. 533, 542 (2016)). In

this case, deference is not warranted due to the agency's misapplication of the law.

The Department's legal basis for disqualifying appellant from unemployment benefits, and requiring her to refund certain benefits, is based on N.J.S.A. 43:21-5(a).  That statutory provision disentitles a claimant to benefits when he or she resigns voluntarily without good cause attributable to the work.

"In applying section N.J.S.A.43:21-5(a), a court must 'differentiate between (1) a voluntary quit with good cause attributable to the work and (2) a voluntary quit without good cause attributable to the work.'"  Brady, 152 N.J. at 213-14 (quoting Self v. Bd. of Review, 91 N.J. 453, 457 (1982)).  Good cause in this context "means a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b).  "The decision to leave employment must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones."  Domenico v. Labor and Indus. Dept. Review Bd., 192 N.J. Super. 284, 288 (App. Div. 1983).  "[I]t is the employee's responsibility to do what is necessary and reasonable in order to remain employed."  Ibid.

The Unemployment Compensation Law's general purpose is to provide income for workers who are "out of work through no fault or act of [their] own."

6

Schock v. Bd. of Review, 89 N.J. Super. 118, 125 (App. Div. 1965) (quoting Battaglia v. Bd. of Review, 14 N.J. Super. 24, 27 (App. Div. 1951)). In furtherance of that policy, the Department and judicial opinions have recognized that an employee should not be disqualified from benefits under N.J.S.A. 43:21-5(a) when he or she has left a job based upon a good faith belief that the employer has mistreated the employee, in violation of the law. See, e.g., Sanchez v. Bd. of Review, 206 N.J. Super. 617, 621 (App. Div. 1986) (holding that an employer's violation of statutory wage laws by improperly deducting sums from an employee's pay comprised good cause for the worker leaving the company, entitling the employee to unemployment benefits under N.J.S.A. 43:21-5(a)); Doering, 203 N.J. Super at 248 (stating that a "claimant's failure to take additional steps, such as pursuing a formal grievance . . . or filing a civil rights suit . . . did not provide a valid basis for disqualifying her from receiving unemployment compensation benefits. Claimant's responsibility was merely to do what was necessary and reasonable in order to remain employed.").

Here, appellant left her position with ATI for good cause attributable to the work, namely after the company repeatedly ignored her requests to be paid for the multiple days she provided her services in April and May 2015. Appellant continued to work through the end of the school year, despite her

7                                                                                    A-3793-16T2

employer's failure to pay her for the days in question. She did not precipitously walk off the job or refuse to report to duty during those months. However, when the non-payment persisted, appellant had good cause to decline to return for another school year to an employer that had failed to pay her for coming to work and performing her duties. As a matter of law, appellant did enough to reasonably maintain her job.

We need not adopt appellant's position that the Wage Collection referee's imposition of an administrative fee in accordance with N.J.A.C. 12:55-1.5(a) and (b) confirms that ATI actually violated the law in failing to pay her. The Appeal Tribunal, on remand, found that ATI voluntarily settled the wage claim. The Appeal Tribunal essentially treated the fee as a routine administrative charge. We have no need to address the correctness of that finding. Regardless of whether appellant did or did not actually prevail in the Wage Collection case, the critical point for our legal analysis is that she had legitimate cause to not return to work, after her earnest requests to be paid were ignored or overlooked by her employer for several months.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8