**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2386-20

GLENDINABEL DELIMA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and NUTRABIO LABS, INC.,

     Respondents.

_____

Submitted June 2, 2022 – Decided July 18, 2022

Before Judges Mitterhoff and Alvarez.

On appeal from the Board of Review, Department of Labor, Docket No. 204501.

Forman, Cardonsky & Tsinman, LLC, attorneys for appellant (Juan C. Cervantes, of counsel and on the briefs; Samuel Tsinman, on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Bryce K. Hurst, Deputy Attorney General, on the brief).

Connell Foley LLP, attorneys for respondent Nutrabio Labs, Inc. (Leo J. Hurley, Jr., on the brief).

PER CURIAM

Glendinabel Delima appeals from a March 18, 2021 order of the Board of Review affirming the Appeal Tribunal's decision to disqualify her from unemployment benefits. We affirm the Appeal Tribunal's decision that Delima left her employment at Nutrabio Labs, Inc. voluntarily without good cause attributable to the work, with one exception. We remand for the Tribunal to take additional testimony on whether the manner in which she was compensated for overtime violated the Wage and Hour Law, N.J.S.A. 34:11-56a4(b)(1), within ninety days of this decision.

An employee who resigns is entitled to unemployment benefits so long as the resignation was for "good cause attributable to" the work. N.J.S.A. 43:21-5(a). The employee bears the burden of establishing good cause. See Brady v. Bd. of Review, 152 N.J. 197, 218 (1997); N.J.A.C. 12:17-9.1(c). "Good cause" means "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978). N.J.A.C. 12:17-9.1(b) defines it as "a reason related directly to the individual's employment, which

was so compelling as to give the individual no choice but to leave the employment."

At the hearing, Delima testified about a number of reasons that caused her to resign: the change in her earnings from an hourly wage to a salary, a work load so heavy it caused her sleepless nights and anxiety, dangerous work conditions including a faulty machine that injured the hand of a co-worker, harassment from her manager, and the company's failure to compensate her for overtime. Although Delima explained her dissatisfaction with her work conditions, she offered no specifics to support her complaints, at times failing to provide even approximate dates for the alleged incidents. As to the bulk of her claims, the Appeal Tribunal's action was supported by the record—or the absence of evidence in the record—and was not "arbitrary, capricious[,] or unreasonable." See Burris v. Police Dep't of W. Orange, 338 N.J. Super. 493, 496 (App. Div. 2001) (citing Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)). With the exception of the overtime issue, we find her points on appeal lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

However, "[u]nder unemployment benefit law, the underpayment of wages in violation of the Wage and Hour Law can constitute . . . good cause."

3

Zubrycky v. ASA Apple, Inc., 381 N.J. Super. 162, 168 (App. Div. 2005) (citing Casciano v. Bd of Review, 300 N.J. Super. 570, 572 (App. Div. 1997); Sanchez v. Bd. of Review, 206 N.J. Super. 617 (App. Div. 1986)). But we cannot discern if Delima was indeed underpaid for overtime in violation of state law. A salaried employee is not statutorily entitled to receive overtime compensation. N.J.A.C. 12:56-7.1. An hourly wage earner must be compensated for overtime. See N.J.S.A. 34:11-56a4(b)(1). Assuming when Delima worked the overtime she was not compensated at the required rate, this may be good cause entitling her to benefits.

It is undisputed that the employer engaged in renovations to the workplace in June 2019, initially scheduled to last only two weeks. The closure of the plant, in some intermittent fashion, extended up to a month. The employer offered his workers a variety of options to make up for that lost work time: to receive no income for the periods the plant was closed and use accrued vacation or sick leave, or to be paid as if a full work week had passed and make up the time as uncompensated overtime in the future. The last option, which violated N.J.S.A. 34:11-56a4(b)(1), was the one Delima apparently selected. We do not know how and when the overtime began for Delima.

A-2386-20

It is also undisputed that Delima's employer in December 2019 intended to make her a salaried manager. It is unclear from the references in the record whether the overtime she worked to make up for the hours in June was served prior to December. We cannot determine if the overtime hours were compensated at time and a half as required by statute, how many overtime hours Delima was expected to work each day or how many hours she actually worked, or how many hours of uncompensated hours of overtime she worked in total. In other words, we lack the information necessary to determine if the manner in which overtime was "compensated," assuming she was then an hourly wage employee, met the requirements of New Jersey's statutory scheme.

Thus, we remand the matter to allow both parties to establish whether the employer's decision to allow Delima to work overtime to make up for salary paid when the plant was closed violated the Wage and Hour Law. If it did, then that would constitute good cause justifying her resignation and hence her collection of unemployment benefits. Once the record is further developed at a hearing, the Appeal Tribunal can determine whether any violation of State Wage and Hour Law occurred, and whether Delima's resignation for that reason, which took place months later, nonetheless constituted good cause attributable to the work.

A-2386-20

Rolka v. Board of Review, Department of Labor, 332 N.J. Super. 1, 5 (App. Div. 2000), is enlightening on this subject. The overtime issue must be assessed in the context of Delima's other reasons for her departure. That is, the extent to which a violation of the Wage and Hour Law controlled her decision should be determined. We trust that in addressing this question, the Appeal Tribunal will exercise "common sense and prudence." Ibid. (citing Gerber v. Bd. of Review, 313 N.J. Super. 37, 43-44 (App. Div. 1998)).

Affirmed in part; reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2386-20